**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| VHS ACQUISITION SUBSIDIARY NUMBER 7, INC. d/b/a SAINT VINCENT HOSPITAL<br><br>*Appellee/Cross-Appellant*<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE AGENCY, *et al.*<br><br>*Appellants/Cross-Appellees* | Case Nos. 25-5006, 25-5021 |

**STATEMENT OF ISSUE TO BE RAISED**

Appellants/Cross-Appellees National Labor Relations Board, a federal agency, *et al.* (the NLRB) intends to raise the following issue on appeal in Case No. 25-5006:

- Whether the District Court erred in finding that it could grant declaratory relief to the Appellee/Cross-Appellant VHS Acquisition Subsidiary Number 7, Inc. d/b/a Saint Vincent Hospital (Saint Vincent), without also finding that the removal protections caused harm to Saint Vincent.[1]

---

[1] The Department of Justice recently notified Congress that it would not continue to defend the constitutionality of "multiple layers of removal restrictions for administrative law judges (ALJs) in 5 U.S.C. § 1202(d) and 5 U.S.C. § 7521(a)." Letter

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD

Contempt, Compliance, and
      Special Litigation Branch

/s/ Paul A. Thomas
Paul A. Thomas
*Supervisory Attorney*
Tel: (202) 273-3788
paul.thomas@nlrb.gov
CA Bar No. 2800445

Craig R. Ewasiuk
*Attorney*
Tel: (202) 840-7258
craig.ewasiuk@nlrb.gov
D.C. Bar No. 1044296

Kevin P. Flanagan
*Deputy Assistant General Counsel*
1015 Half Street SE, 4th Floor
Washington, DC 20003
Tel: (202) 273-2938
kevin.flanagan@nlrb.gov
(No official bar number in Maryland)

Dated February 21, 2025

---

from Sarah M. Harris, Acting Solicitor General, to the Honorable Mike Johnson, Speaker of the United States House of Representatives (Feb. 20, 2025) (attached as Exhibit A). In a separate letter, the Department of Justice notified Congress that it would not defend the "for-cause removal provisions that apply to members of multi-member regulatory commissions," such as the NLRB. Letter from Sarah M. Harris, Acting Solicitor General, to the Honorable Mike Johnson, Speaker of the United States House of Representatives (Feb. 12, 2025) (attached as Exhibit B).

Consistent with these positions, the NLRB does not intend to rely on any arguments defending the constitutionality of those tenure provisions.

# EXHIBIT A



**U.S. Department of Justice**

Office of the Solicitor General

---

*The Solicitor General*  *Washington, D.C. 20530*

February 20, 2025

The Honorable Mike Johnson
Speaker
U.S. House of Representatives
Washington, DC 20515

    Re:    Multilayer Restrictions on the Removal of Administrative Law Judges

Dear Mr. Speaker:

    Pursuant to 28 U.S.C. 530D, I am writing to advise you that the Department of Justice has concluded that the multiple layers of removal restrictions for administrative law judges (ALJs) in 5 U.S.C. 1202(d) and 7521(a) violate the Constitution, that the Department will no longer defend them in court, and that the Department has taken that position in ongoing litigation.  See 2/11/25 Letter, *Axalta Coating Systems LLC* v. *FAA*, No. 23-2376 (3d Cir.).

    In *Free Enterprise Fund* v. *PCAOB*, 561 U.S. 477 (2010), the Supreme Court determined that granting "multilayer protection from removal" to executive officers "is contrary to Article II's vesting of the executive power in the President." *Id.* at 484.  The President may not "be restricted in his ability to remove a principal [executive] officer, who is in turn restricted in his ability to remove an inferior [executive] officer." *Ibid.*

    A federal statute provides that a federal agency may remove an ALJ "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board." 5 U.S.C. 7521(a).  Another statute provides that a member of the Board "may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. 1202(d).  Consistent with the Supreme Court's decision in *Free Enterprise Fund*, the Department has determined that those statutory provisions violate Article II by restricting the President's ability to remove principal executive officers, who are in turn restricted in their ability to remove inferior executive officers.

    Please let me know if I can be of any further assistance in this matter.

                                    Sincerely,

                                    Sarah M. Harris
                                    Acting Solicitor General

# EXHIBIT B



U.S. Department of Justice

Office of the Solicitor General

---

The Solicitor General

Washington, D.C. 20530

February 12, 2025

The Honorable Mike Johnson
Speaker
U.S. House of Representatives
Washington, D.C. 20515

    Re: Restrictions on the Removal of Certain Principal Officers of the United States

Dear Mr. Speaker:

    Pursuant to 28 U.S.C. 530D, I am writing to advise you that the Department of Justice has determined that certain for-cause removal provisions that apply to members of multi-member regulatory commissions are unconstitutional and that the Department will no longer defend their constitutionality. Specifically, the Department has determined that the statutory tenure protections for members of the Federal Trade Commission (FTC), 15 U.S.C. 41, for members of the National Labor Relations Board (NLRB), 29 U.S.C. 153(a), and for members of the Consumer Product Safety Commission (CPSC), 15 U.S.C. 2053(a), are unconstitutional.

    In *Myers* v. *United States*, 272 U.S. 52 (1926), the Supreme Court recognized that Article II of the Constitution gives the President an "unrestricted" power of "removing executive officers who had been appointed by him by and with the advice and consent of the Senate." *Id.* at 176. In *Humphrey's Executor* v. *United States*, 295 U.S. 602 (1935), the Supreme Court created an exception to that rule. The Court held that Congress may "forbid the[] removal except for cause" of members of the FTC, on the ground that the FTC exercised merely "quasi-legislative or quasi-judicial powers" and thus could be required to "act in discharge of their duties independently of executive control." *Id.* at 628-629. Statutory tenure protections for the members of a variety of independent agencies, including the FTC, the NLRB, and the CPSC, rely on that exception.

    The Department has concluded that those tenure protections are unconstitutional. The Supreme Court has made clear that the holding of *Humphrey's Executor* embodies a narrow "exception" to the "unrestricted removal power" that the President generally has over principal executive officers and that the exception represents "'the outermost constitutional limit[] of permissible congressional restrictions'" on the President's authority to remove such officers. *Seila Law LLC* v. *Consumer Fin. Protection Bureau*, 591 U.S. 197, 215, 218 (2020) (citation omitted). Further, the Supreme Court has held, the holding of *Humphrey's Executor* applies only to administrative bodies that do not exercise "substantial executive power." *Id.* at 218-219. The Supreme Court has also explained that *Humphrey's Executor* appears to have misapprehended the powers of the "New Deal-era FTC" and misclassified those powers as primarily legislative and judicial. *Id.* at 218.

The exception recognized in *Humphrey's Executor* thus does not fit the principal officers who head the regulatory commissions noted above. As presently constituted, those commissions exercise substantial executive power, including through "promulgat[ing] binding rules" and "unilaterally issu[ing] final decisions * * * in administrative adjudications." *Seila Law*, 591 U.S. at 218-219. An independent agency of that kind has "no basis in history and no place in our constitutional structure." *Id.* at 220; see *id.* at 222 & n.8.

To the extent that *Humphrey's Executor* requires otherwise, the Department intends to urge the Supreme Court to overrule that decision, which prevents the President from adequately supervising principal officers in the Executive Branch who execute the laws on the President's behalf, and which has already been severely eroded by recent Supreme Court decisions. See, *e.g.*, *Selia Law*, 591 U.S. at 223-229; *Free Enter. Fund* v. *Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 492-494 (2010).

Please let me know if I can be of any further assistance in this matter.

Sincerely,

Sarah M. Harris
Acting Solicitor General

# CERTIFICATE OF SERVICE

I certify that on February 21, 2025, I electronically filed the foregoing document using the CM/ECF filing system for the United States Court of Appeals for the District of Columbia Circuit, thereby causing a copy to be served on the ECF Filers electronically by the Notice of Docket activity.

<u>/s/ Kevin P. Flanagan</u>
Kevin P. Flanagan
*Deputy Assistant General Counsel*
1015 Half Street SE, 4th Floor
Washington, DC 20003
Tel: (202) 273-2938
kevin.flanagan@nlrb.gov
(No official bar number in Maryland)